**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
MUSKOGEE DIVISION**

| | | |
|---|---|---|
| **GREG SHAW** § | **PLAINTIFF'S COMPLAINT** | |
| § | **AND JURY DEMAND** | |
| **Plaintiff,** § | | |
| § | | |
| **V.** § | **CIVIL ACTION NO.** __17-CV-284-RAW__ | |
| § | | |
| **BAKER HUGHES INCORPORATED** § | | |
| § | | |
| **Defendant.** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Greg Shaw ("Named Plaintiff"), on behalf of himself by and through undersigned counsel, and file this his Original Complaint against his employer, Defendant Baker Hughes Incorporated (herein, "Defendant" or "Baker Hughes"), and in support thereof would show as follows:

**I.
INTRODUCTION**

1.   Named Plaintiff worked in the position of "Distribution Supervisor" or "Chemical Delivery Driver" for Defendant.

2.   Plaintiff, on behalf of himself, brings this action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, pre-judgment and post-judgment interest, and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

3.   For at least 24 months prior to the filing of this Complaint, Defendant has willfully violated and is violating the provisions of the FLSA, by employing employees, such as the Plaintiff, in an enterprise engaged in commerce or in the production of goods for commerce

within the meaning of the Act for workweeks longer than forty hours and holidays without compensating such employees, including the Plaintiff, for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

4. Plaintiff initiates the instant action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA"). Defendant intentionally failed to compensate Plaintiff for wages earned while in the employment of Defendant.

5. Plaintiff has not received the overtime pay in accordance with the FLSA.

6. As a result of Defendant's unlawful actions, Plaintiff has been harmed.

## II.
## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and thus seeks redress for violations of a federal law. Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce ...." This Court has supplemental jurisdiction over related state law claims because such claims arise out of the same circumstance and are based upon a common nucleus of operative fact.

8. The Court has personal jurisdiction over Defendant because Defendant conducts business in Oklahoma and has entered into relationships with Plaintiff in Oklahoma and committed actions in Oklahoma that give rise to this cause of action. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with

traditional notions of fair play and substantial justice. Damages sought are within the jurisdictional limits of this Court.

9. Venue is proper in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendant is doing business in said District.

### III.
### PARTIES

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Named Plaintiff is an adult individual residing in the State of Oklahoma.

12. Defendant Baker Hughes Incorporated is a foreign for-profit corporation and may be served with process by serving its registered agent for service in the State of Oklahoma: The Corporation Company, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

13. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

14. At all relevant times, Defendant has employed employees like, and including, Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

15. At all relevant times, Defendant has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

16. At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

### IV.
### FACTUAL BACKGROUND

17. The foregoing paragraphs are incorporated herein as if set forth in full.

18. Greg Shaw, Named Plaintiff, was an employee of Baker Hughes from January 2011 to May 22, 2017 at its facility located at 893 Meridian Road, Lone Grove, Oklahoma.

19. Defendant Baker Hughes operates in the oilfield service industry.

20. Through its operations, Baker Hughes administers transportation services in several states.

21. These states include but are not limited to Texas and Oklahoma.

22. Defendant maintains control, oversight, and direction over the operation of its terminals and offices, including employment practices.

23. Defendant maintains and exercises the power to hire, fire, and discipline Plaintiff and those similarly situated.

24. Plaintiff, in his role as Distribution Supervisor/Chemical Delivery Driver, did not exercise independent business judgment in his position working for Defendant. Specifically, he was not operating his own business; rather, he was economically dependent upon Defendant.

25. Plaintiff as a Distribution Supervisor/Chemical Delivery Driver must comply with Defendant's policies and procedures in performing his work.

26. Upon information and belief, Defendant also maintained employment records of Plaintiff. Plaintiff was instructed exactly how the work must be completed.

27. As a part of their operations, Defendant employs individuals like the Plaintiff, whose job title is that of a "Distribution Supervisor" and "Chemical Delivery Driver." The services provided by the Chemical Delivery Drivers, including Plaintiff, were an integral part of Baker Hughes' business. Providing oil-field services is the sole aim of Baker Hughes. Defendant hired Plaintiff to provide said services.

28. Though the Plaintiff's job title may vary, the primary function of the Plaintiff's employment in which he was not properly compensated was to drive delivery vehicles in a localized area delivering chemicals for Defendant.

29. In doing so, Plaintiff drove and delivered chemicals on routes and to sites predetermined by Defendant. Additionally, Defendant worked some weeks totaling over sixty (60) hours a week without receiving proper overtime compensation.

30. Plaintiff has performed the job duties described in paragraphs 28 and 29 within the past two years for Defendant.

31. Plaintiff is a non-exempt worker as defined under the FLSA.

32. Plaintiff normally worked in excess of forty hours per week and holidays.

33. Although Plaintiff worked more than forty hours per week and holidays, he was not compensated for overtime hours at one and one-half times his appropriate regular rate.

34. Plaintiff as a Chemical Delivery Driver was typical victim of Baker Hughes' uniform practice of unpaid overtime. According to the driver logs Baker Hughes required Mr. Shaw to maintain, Mr. Shaw was repeatedly scheduled to work and did work over 40 hours per week. However, despite working in excess of 40 hours during a week, Mr. Shaw was not properly compensated as required by the FLSA and Baker Hughes' employee handbook.

35. For example, during a week pay period in January 2016, Mr. Shaw worked in excess of 60 hours driving and delivering chemicals for the Defendant. However, Defendant only compensated Plaintiff his standard salary and provided no additional overtime compensation. Plaintiff has never been properly compensated as required by the FLSA by Baker Hughes. Instead, he was paid his normal rate. In total, over the past two years, Mr. Bell is owed in excess

of $90,000.00 for unpaid overtime compensation. These are just some examples of the many times that Baker Hughes failed to pay Mr. Shaw for overtime worked.

36. As a non-exempt employee, the Plaintiff was entitled to be paid time-and-a-half for all hours worked in excess of forty in a workweek. Accordingly, Defendant's practice of failing to pay overtime compensation is a clear violation of the FLSA.

37. No exemption excuses the Defendant from paying proper overtime rates for hours worked over forty.

38. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiff is entitled to liquidated damages for such conduct.

39. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is two years prior to the filing of this action, and continuing thereafter.

40. Defendant failed to comply with the FLSA in that Plaintiff performed work for Defendant for which no provisions were made by Defendant to pay Plaintiff overtime compensation for those hours worked in excess of forty hours within a work week.

41. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

# V.
# CAUSES OF ACTION

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. Plaintiff is a non-exempt employee.

44. Plaintiff is entitled to overtime pay for all hours in excess of forty hours worked during each seven-day workweek.

45. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff overtime compensation at a rate of one and one-half times the appropriate regular rate.

46. During Plaintiff's employment, he routinely worked well in excess of forty hours per week. Even though Plaintiff worked well in excess of forty hours per week, Defendant has failed to properly pay Plaintiff for those hours worked in excess of forty per week.

47. Additionally, during Plaintiff's employment, he routinely worked holidays. Even though Plaintiff worked holidays, Defendant has failed to properly pay Plaintiff for those hours worked on holidays.

48. In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number hours worked per workweek by Plaintiff.

49. Plaintiff seeks all unpaid overtime and holiday compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

# VI.
# JURY DEMAND

50. Plaintiff respectfully demands a jury.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Greg Shaw prays that he recover the following:

a. unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times regular rates;

b. unpaid holiday rate wages at the rate of one and one-half times regular rates;

c. liquidated damages in an amount equal to their unpaid overtime compensation as allowed by the FLSA;

d. reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

e. pre-judgment and post-judgment interest at the highest rates allowed by law; and

f. such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Signed July 21, 2017                              Respectfully submitted,


BY:   */s/ Timothy M. Dortch*
**TIMOTHY M. DORTCH**
Oklahoma State Bar No. 32549
Micah.Dortch@cooperscully.com

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:  (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEYS FOR PLAINTIFF**