```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

GREG SHAW,                        )
                                  )
              Plaintiff,          )
                                  )
v.                                )    Case No. CIV-17-284-JHP
                                  )
BAKER HUGHES INCORPORATED; and    )
BAKER HUGHES OILFIELD             )
OPERATIONS INCORPORATED,          )
                                  )
              Defendant.          )
```

## FINDINGS AND RECOMMENDATION

This matter comes before the Court on Defendants' Motion to Compel Arbitration and Dismiss or Stay Proceedings (Docket Entry #38). United States District Judge James H. Payne who presides over this case referred this Motion to the undersigned for the entry of these Findings and Recommendation.

Plaintiff initiated this case on July 21, 2007, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA") by Defendants. Plaintiff alleges he was an employee of Defendants from January of 2011 to May 22, 2017 as a Distribution Supervisor/Chemical Delivery Driver. At the heart of his claims, Plaintiff contends that Defendants willfully failed to compensate him for overtime which he worked in violation of the FLSA. Plaintiff seeks the damages available to him under the FLSA, including liquidated damages.

Defendants assert in the subject Motion that Plaintiff signed an Employee Agreement as a condition of his employment when he

received an offer of employment on December 17, 2010. The Employee Agreement provides, in pertinent part:

> <u>ARBITRATION</u>. Either Employee or Company may elect to submit any controversy or claim arising out of or relating to Employee's employment, including but not limited to termination and the manner or reason thereof, or the breach of this Agreement, and claims arising under federal or state law for discrimination based on age, sex, race, disability, national origin, or other impermissible basis, to binding arbitration for final settlement in accordance with the rules of the American Arbitration Association. Judgment upon an arbitral award may be entered in any court having jurisdiction thereof. Either Employee or Company without any restriction and without limiting their right to arbitration may seek equitable remedies, including injunctive relief and specific performance, in any court of competent jurisdiction concerning disputes involving paragraphs 1, 2, 3, 4, and 5. Venue for arbitration shall be Houston, Texas, and the arbitral tribunal shall use the laws of the State of Texas, exclusive of the choice of law provisions, in construing and interpreting the terms of this Agreement.
>
> Employee Agreement, Exh. A to Defendants' Motion to Compel Arbitration at ¶ 17.

Defendants contend Plaintiff is bound by this arbitration clause in the resolution of the claim he asserts under the FLSA in this action. Plaintiff counters that Defendants have waived the right to invoke the arbitration clause of the Employee Agreement because they allowed this litigation to proceed too long and too far before attempting to assert their right to utilize the arbitration process.

In an effort to encourage the use of arbitration agreements, Congress enacted the Federal Arbitration Act (the "Act"). The Act provides, in relation to mandatory arbitration contractual clauses:

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

The Act applies to employment contracts as "involving commerce" except for those which pertain to transportation workers. *See* Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001). The United States Supreme Court has repeatedly affirmed the policy espoused in the Act encouraging arbitration. Green Tree Financial Corp. v. Randolph, 531 U.S. 79 (2000); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991); Mitsubishi Motors Corp. v. Sler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985). Further, the Oklahoma Supreme Court has recognized the usefulness and constitutionality of arbitration clauses. Coulter v. First American Resources, L.L.C., 214 P.3d 807 (Okla. 2009); Rollings v. Thermodyne Industries, Inc., 910 P.2d 1030 (Okla. 1996).

Where a contract contains an arbitration clause,

> there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'
>
> AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986)(citations omitted).

The Tenth Circuit has also recognized that the invocation of

3

the arbitration clause can be waived or abandoned. <u>Reid Burton Constr., Inc. v. Carpenters Dist. Council of Southern Colo.</u>, 614 F.2 698, 702 (10th Cir. 1980)(citations omitted). It has been noted that "[t]here is no set rule as to what constitutes a waiver or abandonment of the arbitration agreement; the question depends upon the facts of each case." <u>Hill v. Ricoh Americas Corp.</u>, 603 F.3d 766, 772 (10th Cir. 2010) quoting <u>Reid Burton</u>, *supra*. Factors to be considered in assessing whether waiver has occurred include

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party.

<u>Hill</u>, 603 F.3d at 772-73 quoting <u>Reid Burton</u>, *supra*.

A recitation of the progression of this litigation is necessary in order to properly evaluate these factors. The case was filed on July 21, 2017 and assigned to United States District Judge Ronald A. White. Defendants filed a Partial Motion to Dismiss on August 15, 2017. Judge White recused from this case on August 31, 2017 and the case was assigned to the undersigned. The Partial Motion to Dismiss was found moot by Order entered September

4

11, 2017 due to the filing of Plaintiff's First Amended Complaint on August 29, 2017. Defendants answered the First Amended Complaint on September 12, 2017. The case was set for a Scheduling Conference and the parties filed a Joint Status Report on September 22, 2017. The Joint Status Report reflected that the parties did not consent to the Magistrate Judge and the case was reassigned to United States District Judge James H. Payne. Judge Payne set the case for a Scheduling Conference. Defendants filed a Motion to Continue the Scheduling Conference which was granted. At the direction of the Court, an further Joint Status Report was filed on January 30, 2018. A Scheduling Order was entered on March 2, 2018 and a Settlement Conference Order was entered.

On March 31, 2018, the parties jointly requested that the deadlines set forth in the Scheduling Order be extended and that the Settlement Conference be continued. An Amended Scheduling Order was entered on March 16, 2018 and an Amended Settlement Conference Order was entered on March 19, 2018. On April 5, 2018, Plaintiff filed a Motion to Compel, alleging Defendants only produced the Employee Agreement in response to his discovery requests. On April 6, 2018, Defendants sought leave to amend their answer which was granted on May 7, 2018. Also on April 6, 2018, Defendants filed the subject Motion to Compel Arbitration. Defendants filed an Amended Answer to include allegations that the

dispute was subject to arbitration under the terms of the Employee Agreement on May 14, 2018.

While the case has spun without real progress for nearly eleven months, this Court cannot conclude that Defendants acted inconsistent with asserting its rights under the arbitration clause of the Employee Agreement. Much of the protracted duration of the case was due to the reassignment of the litigation to multiple different judges. Other than protecting its position by answering the Complaint and engaging in efforts to schedule the deadlines in the case, the "litigation machinery" had not been "substantially invoked" before arbitration was invoked. The parties had exchanged Rule 26 initial disclosures but had not engaged in substantial discovery as evidenced by Plaintiff's Motion to Compel wherein it is alleged Defendants had only produced the Employee Agreement and had not designated a Rule 30(b)(6) representative for deposition.

The requested arbitration enforcement was first presented to this Court with the filing of the subject Motion and the request for leave to amend the answer on April 5-6, 2018. Discovery is set to expire on August 31, 2018 with a jury trial date of October 30, 2018. The proximity of these dates do not suggest that it occurred on the eve of trial. While Defendants' announcement of the attempt to invoke arbitration occurred after an almost nine month passage of time, as stated, much of the delay was attributed to an

unsettled judge assignment and scheduling.

No counterclaim has been filed in the case. Moreover, nothing in the record suggests Defendants took advantage of judicial discovery to gain an advantageous position in an arbitration proceeding. As a final matter, other than protracting the resolution of his claims, Plaintiff has not been significantly prejudiced by the delay in invoking arbitration. Defendants could certainly have made its position clear earlier in the litigation and considerable time could have been saved. However, the passage of time has not been so significant to cut off Defendants' right to arbitration in accordance with the Employee Agreement.

Having found Plaintiff's claims asserted herein are subject to binding arbitration, this Court must consider whether the case should be dismissed or merely stayed pending the outcome of the arbitration proceedings. Clearly, the Act provides for a stay in the event one of the affected parties requests a stay and the matter is to be submitted to arbitration. 9 U.S.C. § 3. Indeed, the Tenth Circuit endorses the use of a stay rather than a dismissal in cases such as this. *See*, <u>Adair Bus Sales, Inc. v. Blue Bird Corp.</u>, 25 F.3d 953, 955 (10th Cir. 1994). As a result, this Court recommends that the case be stayed pending notification of either the resolution of this case and/or the conclusion of the arbitration proceedings.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Defendants' Motion to Compel Arbitration and Dismiss or Stay Proceedings (Docket Entry #38) be **GRANTED**, that this case be **STAYED**, and that the alternative request for dismissal be **DENIED**.

IT IS FURTHER RECOMMENDED that the Clerk be directed to administratively close this case, pending further order of the Court and that the parties be directed to file a Status Report addressing the progress of the arbitration of Plaintiff's claims and any advance toward resolution accomplished by the parties by a date certain.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ORDERED this 19th day of June, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE